(Reap. Dec. 9868)

SIDNEY LANG CO. *v.* UNITED STATES

Entry No. 795344.

(Decided December 8, 1960)

*Siegel, Mandell & Davidson* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

DONLON, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties:

IT IS STIPULATED AND AGREED by and between the parties hereto, subject to the approval of the Court, that the merchandise and the issues in the Appeal to Reappraisement enumerated above are the same in all material respects as the merchandise and the issues decided in the case of *Paramount Import Co. Inc. et al. v. United States*, Reap. Dec. 9697, and that the record in said case be incorporated and made a part of the record herein.

IT IS FURTHER STIPULATED AND AGREED that the appraised values of the merchandise covered by the Appeal to Reappraisement enumerated herein, less the additions made by the importer on entry because of advances by the Appraiser in similar cases, is equal to the market value or the price at the time of exportation of such merchandise to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, and that there was no higher foreign value for such or similar merchandise.

IT IS FURTHER STIPULATED AND AGREED that the cases may be submitted on the foregoing stipulation.

In *Paramount Import Co., Inc., et al., supra*, the trial judge found that a charge paid by an American importer to a foreign commissionaire in Czechoslovakia was in fact a buying commission which, as a matter of law, was not part of dutiable export value under old section 402(d) of the Tariff Act of 1930.

Accepting this stipulation as a statement of fact, and following the rule of the incorporated case on the issue of law, I find and hold that export value, as defined in old section 402(d) of the Tariff Act of 1930, prior to its amendment by the Customs Simplification Act of 1956 (now section 402a(d)) is the proper basis for determination of the values of this merchandise and that such values, for the respective items of merchandise, are the appraised values, less additions made by the importer on entry to meet advances by the appraiser covering nondutiable so-called buying commissions.

Judgment will be entered accordingly.